# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| KETZ & ASSOCIATES, INC., | |
| Plaintiff, | Civil No. 10-3016 (JRT/FLN) |
| v. | |
| HARDIN BROTHERS ENTERPRISES, LLC, ROBERT PORAZIL, AND DIVERSE MARKETING ENTERPRISES, LTD., | **ORDER FOR CONSENT INJUNCTION** |
| Defendants. | |

D Clay Taylor and Josiah Fricton, **D. CLAY TAYLOR, P.A.**, 1300 Nicollet Mall, Suite 5002, Minneapolis, MN 55403, for plaintiff.

Charles Firth and Sheila Engelmeier, **ENGELMEIER & UMANAH, PA,** 12 South Sixth Street, Suite 1230, Minneapolis, MN 55402, for defendants.

This matter is before the Court upon the stipulation for entry of consent injunction [Docket No. 26] and agreement of the parties, and in order to effectuate their settlement of the above-titled matter, the Court does enter the following Consent Injunction:

a. That from the date of the execution of this order until July 31, 2011, Defendant, Robert Porazil ("Porazil") shall be enjoined and prohibited from soliciting the representation of the Ketz & Associates' vendors specifically identified in the attached Exhibit "A" (the "Ketz Vendors") in the states of Iowa and Nebraska;

b. That for this same period of time, the Defendants, Diverse Marketing Enterprises, Ltd. and Hardin Brothers Enterprises, LLC (the "Diverse Entities") (including all of their principals, officers, employees, contractors and agents), shall be

enjoined and prohibited from soliciting the representation of any Ketz Vendors for Porazil's representation of same in the states of Iowa and Nebraska;

 c. Nothing contained in this order for injunctive relief shall bar or prohibit the Diverse Entities from soliciting the representation of Ketz Vendors in the states of Iowa and Nebraska so long as Porazil is not involved in either the solicitation or the performance of services for any such vendor during the injunctive period contained in paragraph a, above;

 d. The Diverse Entities shall not be liable for any independent violation of the terms of this consent injunction by Porazil, unless said violation was done by Porazil with the aid, advance knowledge, consent and/or acquiescence of the Diverse Entities.

 e. Nothing contained in this order shall prohibit the Diverse Entities or Porazil from selling the products of vendors not specifically identified in Exhibit A in any state whatsoever.

 f. Nothing contained in this order shall prohibit the Diverse Entities from selling any product line, regardless of whether that product line is a product of a Ketz Vendor, in any state to any customer, so long as such sales do not violate the terms of paragraphs a and b, above;

 g. In the event of an alleged breach of this consent injunction, it is agreed that the claim shall be summarily tried to the Court, under its inherent contempt powers, and that the Court shall have discretion to fashion any remedy it deems fair, just and appropriate, including the award of costs and attorneys' fees to the party prevailing on any said application.

h. At the expiration of the term of the consent injunction, the Court shall enter an order vacating said injunction and dismissing the Lawsuit in its entirety, with prejudice, and this subsequent order may be entered by the Court without further submission by counsel.

The Court shall retain jurisdiction over this matter until July 31, 2011, at which time it shall issue an order for dismissal with prejudice of this action, without the requirement of notice to any party or counsel, unless the Court should so order otherwise.


DATED: October 26, 2010                      s/ John R. Tunheim
at Minneapolis, Minnesota.               JOHN R. TUNHEIM
                                                            United States District Judge